UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ITALIAN EXHIBITION GROUP USA, INC.,

                       Plaintiff,

  -against-

FABRIZIO BARTOLOZZI, et al.,

                       Defendants.

23-cv-4417 (AS)

MEMORANDUM OPINION
AND ORDER

ARUN SUBRAMANIAN, United States District Judge.

## BACKGROUND

Defendant Fabrizio Bartolozzi sold a majority interest in his company, FB International, to Plaintiff Italian Exhibition Group (IEG). Am. Compl. ¶ 1, Dkt. 47. The agreement had several parts, including a stock-purchase agreement and two employment agreements. ¶¶ 1, 73. The employment agreements kept Bartolozzi on as president and kept on his spouse, Defendant Susan Paik, as general manager. ¶ 73. IEG alleges that after the sale was executed, Bartolozzi and Paik ran the business into the ground. ¶ 8. So it sued, bringing six claims against Bartolozzi and three against Paik. This opinion addresses only Paik's motion to dismiss for lack of personal jurisdiction. The three claims against her are breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and tortious interference with contract. For the reasons below, Paik's motion is GRANTED.

## LEGAL STANDARDS

To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, the Court "accept[s] all factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

"When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (Sotomayor, J.). Before discovery, as here, the plaintiff "may defeat the [12(b)(2)] motion by pleading in good faith legally sufficient allegations of jurisdiction, i.e., by making a *prima facie* showing of jurisdiction." *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998) (internal quotation marks and citations omitted).

## DISCUSSION

IEG claims two grounds for personal jurisdiction. It says Paik (1) is "closely related" to the stock-purchase agreement's forum-selection clause and (2) "transact[ed]" business in New York under § 302(a)(1) of New York's long-arm statute. ¶¶ 42, 44.

Reserving the question of its validity, the "closely related" doctrine holds that "a forum selection clause may be enforced against a non-signatory … where the non-signatory and a party to the agreement have such a close relationship that it is foreseeable that the forum selection clause will be enforced against the non-signatory." *P.S. Fin., LLC v. Eureka Woodworks, Inc.*, 184 N.Y.S.3d 114, 130 (N.Y. App. Div. 2023) (cleaned up).

Paik was general manager of FB International, which signed the stock-purchase agreement. But nothing in the complaint suggests that her role, even as an executive, would make it foreseea-ble that she would be personally bound by every contract that FB International entered into. Even the cases embracing the "closely related" doctrine for corporate executives have required a connection more specific to the claims. *See, e.g.*, *Long Side Ventures LLC v. Hempacco Co.*, 2023 WL 6386888, at *6 (S.D.N.Y. Sept. 29, 2023). As for Paik's relationship to the stock-purchase agreement itself, IEG points out that the term "Knowledge of the Company" (as used in that agreement) is defined to include Paik's personal knowledge. Dkt. 47-1 at 11. But being part of an input into a contract doesn't show that she was involved in negotiating it or otherwise would have foreseen being bound by its output.

Even if the Court concluded that Paik could be bound by the stock-purchase agreement's forum-selection clause, that clause covers matters "arising out of or relating to" that agreement. Dkt. 47-1 at 58. Though that phrase is capacious, *see Collins & Aikman Prod. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995), neither the complaint nor IEG's briefs connect the fiduciary-duty claims against Paik to the stock-purchase agreement.

As for the long-arm statute, the claims against Paik must "aris[e] from" her New York "transact[ions]." N.Y. C.P.L.R. § 302(a)(1). In other words, there must be "some articulable nexus between the business transacted and the cause of action sued upon." *McGowan v. Smith*, 52 N.Y.2d 268, 272 (N.Y. 1981); *see also Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 31 (2d Cir. 1996) ("substantial nexus"). The complaint alleges that Paik "routinely c[a]me into New York" on business and controlled the company's New York bank account. Am. Compl. ¶¶ 44, 135. But again, it doesn't allege a connection between those potential contacts and the claims here.

## CONCLUSION

For these reasons, Defendant Paik's motion to dismiss is GRANTED. The Clerk of Court is directed to close ECF 49.

This dismissal is WITHOUT PREJUDICE. IEG may amend its complaint to cure these deficiencies by November 20, 2023, at 5:00 p.m. Paik may then reinstitute her motion to dismiss by December 1, 2023, at 5:00 p.m. At Paik's election, she may either file a new brief trained on any

additional allegations on jurisdiction in IEG's amended complaint or file a letter indicating that she stands on her brief filed in connection with the motion she already filed. The same goes for IEG, with their response due December 15, 2023, at 5:00 p.m. Paik's reply is due December 27, 2023, at 5:00 p.m.

    SO ORDERED.

Dated: November 6, 2023
New York, New York

                                              ARUN SUBRAMANIAN
                                              United States District Judge